UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
Milwaukee Division

MLSNA DAIRY SUPPLY, INC.,

      Plaintiff,

  vs.              Case No: 2:14-cv-1356

ALPHA TECHNOLOGY U.S.A.
CORPORATION,

      Defendant.

### *COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY AND NON-INFRINGEMENT*

NOW COMES the Plaintiff, Mlsna Dairy Supply, Inc., by its attorney, Michael T. Hopkins, and as and for a cause of action against the Defendant, Alpha Technology U.S.A. Corporation, alleges and shows to the Court as follows:

### I. NATURE OF THE CASE

1. This action arises under 28 U.S.C. §2201, et seq. and Title 35, U.S.C., whereby Plaintiff seeks a declaratory judgment providing that U.S. patents 8,622,026 and 8,869,747 issued to Defendant are invalid and are not infringed by Plaintiff.

### II. PARTIES

2. The Plaintiff, Mlsna Dairy Supply, Inc. (hereinafter "MDS") is a Wisconsin corporation with its principal office located in Cashton, Wisconsin, which does substantial and not isolated business throughout the State of Wisconsin, including this District.

3. The Defendant, Alpha Technology U.S.A. Corporation (hereinafter "Alpha"), is a Florida corporation with its principal place of business located in Longwood, Florida, which does substantial and not isolated business throughout the State of Wisconsin, including this District, and which has, on more than one prior occasion, availed itself of the jurisdiction of the U.S. District Court located in this State in an effort to enforce its rights against various Wisconsin residents.

### III. JURISDICTION AND VENUE

4. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., and under the patent laws of the United States, Title 35, United States Code. Consequently, this Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338.

5. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)(2) and (d); and 1400(b), as the Defendant has engaged in substantial and not isolated commercial activities in this District, and a substantial portion of the activities giving rise to this action occurred in this District.

### IV. FACTS

6. Alpha sells an automated teat cleaning system and related chemicals for use on dairy farms to clean a cow's teats prior to milking, under the trademark "Future Cow."

7. From mid-2013 until the present, MDS has sold an automated teat cleaning system and related chemicals for use on dairy farms to clean a cow's teats prior to milking, under the trademark "MTech."

8. On January 7, 2014 the United States Patent Office issued U.S. Patent No. 8,622,026 to Defendant, entitled "System and Method for Cleaning Teats of a Milk-Producing Animal and Monitoring Teat Cleaning Procedures," which was filed as U.S. Patent Application No. 13/689,205 on November 29, 2012, claiming the benefit of of US. Provisional Application No. 61/654,578, which was filed on Nov. 29, 2011.

9. On October 28, 2014 the United States Patent Office issued U.S. Patent No. 8,869,747 to Defendant, entitled "System and Method for Cleaning Teats of a Milk-Producing Animal and Monitoring Teat Cleaning Procedures," which was filed as U.S. Patent Application No. 14/086,551 on November 21, 2013, as a Continuation of U.S. Application No. 13/689,205 filed November 29, 2012, claiming the benefit of U.S. Provisional Application No. 61/654,578 filed on November 29, 2011.

10. On March 19, 2014 and July 2, 2014, Alpha advised MDS, in writing, that it intended to sue MDS for infringement of the '026 patent unless MDS immediately ceased selling the MTech teat cleaning system.

11. On July 2, 2014, Alpha also advised MDS, in writing, that Alpha intended to sue MDS for infringement of the '747 patent, once issued, unless MDS immediately ceased from selling the MTech teat cleaning system.

12. Attached hereto as Exhibit A is a true and correct copy of Alpha's March 19, 2014 cease and desist letter to MDS, sans attachments.

13. Attached hereto as Exhibit B is a true and correct copy of Alpha's July 2, 2014 cease and desist letter to MDS, sans attachments.

14. MDS has refused Alpha's demands to cease and desist, and has continued to sell the MTech teat cleaning system.

15. An actual controversy exists between the parties concerning whether Alpha may enforce the '026 and '747 patents against MDS; whether said patents are in fact valid; and whether MDS's MTech teat cleaning system infringes same.

## V. FIRST CAUSE OF ACTION-PATENT INVALIDITY

16. Plaintiff realleges and incorporates, as if fully set forth herein, each and every allegation of paragraphs 1 through 15, supra.

17. The '026 and '747 patents are invalid pursuant to 35 U.S.C. §102 as being anticipated by the F50 or F60 teat scrubbing systems sold by Puli-Sisten, srl. prior to November 29, 2010; for being in public use prior to November 29, 2010; and for lack of inventorship by Kevin Dole, a named inventor.

18. The '026 and '747 patents are invalid pursuant to 35 U.S.C. §103 as being obvious in light of a combination of two or more of the following prior art references: Puli-Sistem F50 teat scrubber; Puli-Sistem F60 teat scrubber; Drake Dairy Puli-Sistem installation; F50 and F60 manuals; F50 promotion video; U.S Patent No. 5,383,423 to van der Lely; U.S Patent No. 6,321,688 B1 to J. Ericksson; publication entitled "The February 2004 Demands and Opportunities for Operation Management Support Operational Management on Farms with Automatic Milking Systems, report Wijbrand (Ouweltjes MSc. Applied Research, Animal Sciences Group Wageningen UR. The Ouweltjes MSc. group report);" and a DeLaval Publication entitled "Automatic milking-Common practice on dairy farms"- Published May 4, 2011."

19. The '026 and '747 patents are invalid pursuant to 35 U.S.C. §112 as being vague and indefinite, in that, inter alia, the specifications fail to explain or define various terms related to teat cleaning; and one or more claims are indefinite, vague and/or ambiguous on their face, thereby rendering it impossible to determine preciously the metes and bounds of what is claimed therein.

20. A valid and justiciable controversy exists between the parties, and MDS seeks a declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §2201 that the claims of the '026 and '747 patents are invalid and unenforceable, granting MDS all other declaratory relief to which it may be entitled.

## VI. SECOND CAUSE OF ACTION-NON INFRINGEMENT

21. Plaintiff realleges and incorporates, as if fully set forth herein, each and every allegation of paragraphs 1 through 15, supra.

22. The MTech teat cleaning system sold by MDS does not infringe any of the claims of the '026 or '747 patents, and MDS does not and has not induced or contributed to the infringement of any of said claims or patents.

23. A valid and justiciable controversy exists between the parties, and MDS seeks a declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §2201 that it has not infringed the claims of the '026 or '747 patents, nor has it induced or contributed to the infringement thereof, granting MDS all other declaratory relief to which it may be entitled.

## VII. EXCEPTIONAL CASE

24. This is an exceptional case entitling MDS to an award of attorney fees incurred in connection with the prosecution this action pursuant to 35 U.S.C. §285.

**WHEREFORE**, the Plaintiff, Mlsna Dairy Supply, Inc., demands that judgment be entered in its favor and against the Defendant, Alpha Technology U.S.A. Corporation, as follows:

1. A declaration that each and every claim of the '026 and '747 patents are invalid;

2. A declaration that MDS and its customers, by virtue of the manufacture, sale and/or use of the MTech teat cleaning system do not infringe (either directly, jointly, contributorily, or by inducement or equivalence) any valid claim of either the '026 or '747 patents;

3. A declaration that Alpha is not entitled to any injunction against MDS or any of MDS's customers because it has other adequate remedies at law, has not been irreparably harmed, the balance of hardships is not in its favor, and the public interest is not served by the granting of injunctive relief;

4. An adjudication that this case is exceptional within the meaning of 35 U.S.C. §285, entitling MDS to an award of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees; and

5. Any such other and further relief as this Court may deem just and proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

Dated this 28th day of October, 2014.

                                                  /s/ Michael T. Hopkins        .
                                                  Michael T. Hopkins
                                                  WBN: 1014792
                                                  email: mth@hmclaw.com

                                                  Hopkins Law Firm
                                                  757 N. Broadway, Suite 201
                                                  Milwaukee, WI  53202

                                                  Tel/Fax: (866) 735-0515

Page 6 of 6

Case 2:14-cv-01356-NJ   Filed 10/28/14   Page 6 of 6   Document 1